UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80689-CIV-MARRA

ALLEN FOX,

    Plaintiff,

vs.

MORRIS JUPITER ASSOCIATES,
a Limited Liability Company,

    Defendant.

_____/

## OPINION AND ORDER

This cause is before the Court upon Plaintiff's Motion for Sanctions for Failure to Comply with the Court's Omnibus Order. (DE 40). Defendant responded with its Memorandum of Law in Opposition. (DE 46.) Plaintiff subsequently filed a Reply Memorandum. (DE 50.) The Motion is now fully briefed and is ripe for review. The Court has carefully considered the motions and is otherwise fully advised in the premises.

### Background

On July 25, 2005, Plaintiff Allen Fox ("Plaintiff") filed the instant action alleging disability discrimination against Defendant Morris Jupiter Associates, L.L.C. ("Defendant"), in violation of the Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12181 *et seq.* (Compl. ¶ 2.) Plaintiff served Defendant with a Notice of Taking Deposition Duces Tecum

1

under Fed. R. Civ. P. 30(b)(6) on February 14, 2006. (Pl. Mot. for Sanctions Ex. "A.") That Notice required Defendant to produce both the "corporate representative of Defendant with most knowledge regarding this matter and ADA compliance/modifications" and the "records custodian of defendant with most knowledge regarding Defendant's financial records and records relating to ADA compliance/modifications." (Pl. Mot. Sanctions Ex. "A.".) On March 1, 2006, Defendant produced Mr. Peter Feldman. (Pl. Mot. Sanctions 2.) When asked by Plaintiff's counsel if he was the person described in the deposition notice, Feldman responded in the negative. (Feldman Dep. 5-6.)[1]

After Mr. Feldman's deposition, Plaintiff filed his first Motion for Sanctions (DE 18) and a Motion to Compel Defendant to Produce the Proper Party Deponent (DE 22). On June 26, 2006, Judge Paine issued an Omnibus Order granting Plaintiff's Motion to Produce the Proper Party Deponent but denying his Motion for Sanctions. (DE 33.) The Omnibus Order also required Defendant to produce certain documents. (DE 33.) Defendant was given no specific time frame in which to produce the documents or deponent. (DE 33.)

Defendant stated it attempted to deliver all documents required to be produced under the Omnibus Order by U.S. Mail on July 24, 2006. (Def. Mem. 3.) Plaintiff did not receive these documents. (Def. Mem. 3.) After Plaintiff filed his Motion for Sanctions, Defendant delivered by courier all of the requested documents on August 3, 2006. (Def. Mem. 3; Pl. Reply 1.) As of

---

[1] Q: Are you the person with the most knowledge regarding the Defendant, Morris Jupiter Associates, L.L.C.'s, financial records?
A: No.
Q: All right. Are you the person with the most knowledge regarding ADA modifications which have been made to the property in this matter?
A: No.
(Feldman Dep. 6.)

2

Plaintiff's most recent filing on this issue, Defendant had not produced the proper party deponent. (Pl. Reply 2.)

Plaintiff requests that this Court sanction Defendant under Fed. R. Civ. P. 37(d) for failure to produce the proper party deponent at the March 1, 2006, deposition. Plaintiff asks this Court to preclude Defendant from claiming a financial inability "to make the ADA modifications which Plaintiff is requesting," to preclude Defendant from "asserting that it has policies and procedures in place which comply with the ADA," to compel Defendant and/or its counsel to pay reasonable expenses, including attorneys' fees, and "any other relief this Court deems appropriate." (Pl. Mot. Sanctions 3.)

Defendant argues that it has been "ready, willing, and able to produce" a new deponent since August 2, 2006. (Def. Mem. 4.) When inquiring about a substitute deponent to supplement Peter Feldman's inadequate answers, Defendant "represented [to Plaintiff] that the person with the most knowledge" on the issues listed in the original Notice of Deposition would still be Mr. Feldman. (Pl. Reply 2.) Further, Defendant argues that sanctions are inappropriate because Plaintiff has failed to provide "proper notice" of another deposition. (Pl. Reply 5-6.)

Discussion

Rule 30(b)(6) of the Federal Rules of Civil Procedure states that "[a] party may in the party's notice and in a subpoena name as the deponent a public or private corporation . . . and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate . . . persons who consent to testify on its behalf." Fed. R. Civ. P. 30(b)(6). The person designated by the corporation "represents the

corporation just as an individual represents him or herself at a deposition." *U.S. v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996). This section was added to the Federal Rules "to avoid 'bandying' by corporations where individual officers disclaim knowledge of facts clearly known to the corporation, and to assist corporations which found an unnecessarily large number of their officers and agents were being deposed." *Taylor*, 166 F.R.D. at 360. The party seeking a deposition of a corporation under Rule 30(b)(6) "must designate the areas of inquiry with reasonable particularity." *Id.* Once noticed, the party being deposed is obligated "to provide a witness who can answer questions regarding the subject matter listed in the notice." *King v. Pratt & Whitney*, 161 F.R.D. 475, 476 (S.D. Fla. 1995). Failure to provide a witness knowledgeable on the listed areas of inquiry is sanctionable under Rule 37(d) for failure "to appear before the officer who is to take the deposition, after being served with proper notice." Fed. R. Civ. P. 37(d).

The issue raised in this case is whether a party who failed to provide an adequate designee at a deposition pursuant to Rule 30(b)(6) has an affirmative obligation to produce another designee absent notice of a new deposition. The rule, as articulated by the Fifth Circuit, is as follows: "When a corporation or association designates a person to testify on its behalf, the corporation appears vicariously through the agent. If that agent is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all." *Resolution Trust Corp. v. Southern Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993); *see also Black Horse Lane Assoc. L.P. v. Dow Chemical Corp.*, 288 F.3d 275, 304 (3rd Cir. 2000) (adopting the *Resolution Trust* rule); *Taylor*, 166 F.R.D. at 363 (adopting the *Resolution Trust* rule and

4

explaining that "[p]roducing an unprepared witness is tantamount to a failure to appear"). A court in this District has similarly explained that "[i]f the designated deponent cannot answer those questions, then the corporation has failed to comply with its Rule 30(b)(6) obligations and may be subject to sanctions." *King*, 161 F.R.D. at 476.

Plaintiff provided adequate notice to Defendant of the topics of inquiry for the deposition. By producing Mr. Feldman, who openly admitted he knew nothing about those areas of inquiry, Defendant "failed to appear" for the March 1, 2006, deposition pursuant Rule 30(b)(6). Moreover, Defendant has done nothing to attempt to remedy its failure to appear at that deposition. As such, Defendant's conduct is subject to sanctions.[2]

As for the documents that Defendant was compelled to produce, Plaintiff stated that it received those documents on August 3, 2006. (Pl. Reply 1.) While Plaintiff argued that Defendant took excessive time in delivering those documents, Defendant proffered a justification for the delay – the documents were lost in the mail. Defendant provided Plaintiff with another set of those documents and thus complied with Judge Paine's production order. The Court finds that further sanctions based on this delay are unwarranted.

## Conclusion

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Plaintiff's Motion for Sanctions for Failure to Comply with the Court's Omnibus Order (DE 40) is **GRANTED**.

---

[2] The parties should note that this Court is not required to issue an order compelling production of the proper deponent prior to imposing Rule 37(d) sanctions. *Dow Chemical*, 228 F.3d at 302. In the instant case, however, Judge Paine issued just such an order compelling Defendant to produce the proper deponent. (DE 33.) This Court would remind Defendant that this order to produce a suitable deponent remains in effect and that Defendant has yet to comply.

Defendant shall pay Plaintiff's reasonable attorney's fees for attending the deposition of Mr. Peter Feldman on March 1, 2006. Defendant shall also pay all costs related to the court reporter and any costs for the preparation of the deposition transcript. The Court reserves ruling on the exact amount due to Plaintiffs under this Order.

**DONE** and **ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 21st day of September, 2007.

KENNETH A. MARRA
United States District Judge

Copies furnished to:
All counsel of record